# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

U.S.A. vs. Kerwyn Dean Russ                      Docket No. 7:05-CR-14-1

### Petition for Action on Supervised Release

      COMES NOW Pamela O. Thornton, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Kerwyn Dean Russ, who, upon an earlier plea of guilty to Possession of Firearms by a Person Subject to a Domestic Violence Restraining Order, 18 U.S.C. § 922 (g)(8), was sentenced by the Honorable James C. Fox, Senior U.S. District Judge, on September 19, 2005, to the custody of the Bureau of Prisons for a term of 51 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 36 months under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3. The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

4. While under supervision in the Eastern District of NC, the defendant shall participate in the DROPS Program and, in response to detected illegal drug use, shall be confined in the custody of the Bureau of Prisons for a period not to exceed 30 days of intermittent confinement, as arranged by the probation office, in the following increments: First Use - Two Days; Second Use - Five Days; Third Use - Ten Days.

5. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

6. The defendant shall participate in an approved program for domestic violence.

7. The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office.

8. The defendant shall provide the probation office with access to any requested financial information.

Kerwyn Dean Russ was released from custody on March 20, 2009, at which time the term of supervised release commenced.

On June 22, 2010, the court modified the releasee's conditions to include 90 days in a residential reentry center, cognitive behavioral therapy and vocational training, as sanctions for the use of marijuana and fighting with his wife. The releasee completed the residential reentry center placement on October 3, 2010.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

The releasee submitted a urine specimen which revealed positive results for marijuana on October 24, 2011. The court was apprised of the releasee's behavior and agreed to hold the violation in abeyance on November 8, 2011. On December 13, 2011, the releasee submitted a subsequent urine specimen which was analyzed by Alere Toxicology and also indicated positive results for marijuana use on December 20, 2011. Upon confronting the releasee, he admitted to using marijuana again and apologized. He stated in a written letter he had used marijuana to relieve himself from the everyday stress he was suffering as a result of his responsibilities as a husband, a father and a person. He further stated he had lost three people within the last year that meant the world to him, including his own mother.

The releasee has been unemployed for the last several months. However, he has been able to pick up odd jobs at a Day Labor Work Place. He is married and has four children; one of whom is a special needs child. Mr. Russ was referred back to mental health counseling in November 2011, following his first positive drug screen and has been scheduled for a psychiatric evaluation to determine if he would benefit from medication. It is apparent he has been self-medicating when he feels he has more stress than he can tolerate.

The releasee's supervision will expire in March 2012. Considering his overwhelming stress, it is recommended that U.S. Probation be allowed to continue to work with the releasee and allow him to participate in both substance abuse and mental health counseling, as well as receive a psychiatric evaluation. As a sanction, for his marijuana use, it is recommended the releasee perform 24 hours of community service.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

Kerwyn Dean Russ
Docket No. 7:05-CR-14-1
Petition For Action
Page 3

      **PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

The defendant shall perform 24 hours of community service as directed by the probation office and if referred for placement and monitoring by the State of North Carolina, pay the required $200 fee.

Except as herein modified, the judgment shall remain in full force and effect.

      I declare under penalty of perjury that the foregoing is true and correct.

      /s/ Pamela O. Thornton
      Pamela O. Thornton
      Senior U.S. Probation Officer
      2 Princess Street, Suite 308
      Wilmington, NC 28401-3958
      Phone: 910-815-4857
      Executed On: January 18, 2012

## ORDER OF COURT

Considered and ordered this 18th day of January, 2012, and ordered filed and made a part of the records in the above case.

James C. Fox
Senior U.S. District Judge